## Richmond.

## SOUTHERN TIRE SALES CORPORATION V. A. M. DUDLEY & CO.

### March 20, 1924.

1. SALES—*Warranty—Goods Unfitted for Purpose for which Sold—Right of Purchaser—Damages.*—In the instant case, an action for breach of warranty of tires sold, the evidence tended to show that the defects in the tires were not of minor importance, such as an unskilled person could correct, but of a serious nature; that the tires were unsuited for the purpose for which they were purchased; and that the defendant failed to provide new tires to take the place of the defective ones. Under these circumstances the purchaser had the right to return the tires to the seller and buy other tires suited for the purpose for which they were desired, and collect his damages resulting from the breach of warranty.

2. WARRANTY—*Breach of Warranty—Measure of Damages—General Rule in the Absence of Special Circumstances.*—The general rule as to the measure of damages for breach of warranty of quality in the sale of a chattel is the loss directly and naturally resulting in the ordinary course of events from such breach of warranty; and such loss, in the absence of special circumstances, showing proximate damage of a greater amount, is the difference between the value of the goods at the time of delivery to the buyer and the value they would have had if they had answered to the warranty.

3. WARRANTY—*Breach of Warranty—Measure of Damages—Special Circumstances—Case at Bar.*—In the instant case plaintiff purchased from defendant a set of wheels and tires for his truck. Defendant guaranteed that the tires would last eighteen months without cost to plaintiff. Shortly after the purchase the tires developed serious defects and proved unsuited for the purpose for which they were purchased, and plaintiff took them back to defendant whose representative admitted that they were worthless, and promised to make an adjustment. Plaintiff then purchased new wheels and tires at a cost of $416.06. Plaintiff's damages and expenses from the loss of the use of the truck and labor on account of the defective tires amounted to $173.00.

   *Held:* That these facts constituted special circumstances, showing proximate damages to plaintiff of a greater amount than the differ-

ence between the actual value of the tires when delivered and the value which the tires would have had, if they had been as warranted.

4. Instructions—*Denial of Instructions—Instructions Given Correctly Stating the Law.*—Where the instructions given correctly covered the law applicable to the case, the denial of other instructions is not error.

5. Sales—*Warranty—Damages for Breach of Warranty—Set Off—Case at Bar.*—In an action to recover damages for breach of warranty of tires the defendant had a right to set off against plaintiff's claim the value of the use of the tires to plaintiff. But in the instant case, while the jury gave a verdict for the entire amount claimed by the plaintiff, it appeared that the tires were restored to the defendant, and the jury doubtless felt that they would be a sufficient compensation for the service which the plaintiff actually got out of them.

Error to a judgment of the Circuit Court of Henry county, in a proceeding by motion for a judgment for money. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Geo. H. Marshall,* for the plaintiff in error.

*John R. Smith* and *Samuel A. Anderson,* for the defendant in error.

West, J., delivered the opinion of the court.

On February 9, 1920, Southern Tire Sales Corporation sold to A. M. Dudley, trading as A. M. Dudley & Co., a set of wheels and pneumatic tires for his two and one-half ton truck, for his old wheels and tires and $260. The corporation guaranteed in writing that the new tires would last eighteen months without cost to him.

The tires failed to come up to the guaranty and soon began to give trouble and put Dudley to extra expense to keep the truck in condition for use.

In May, 1920, the tires got out of fix and it cost

Dudley $29.00 to put them in order. Later an inner tube blew out and the truck, as a result, was idle twelve days. Shortly thereafter a rear tire blew out. Dudley became convinced that it was not practicable to use pneumatic tires, and in the summer of 1920 took the tires back to the corporation, and Nick Schottland, a representative of the corporation, admitted in the presence of the president of the company, Michael Schottland, that they were worthless and promised to ship them to the factory and make an adjustment, but failed to do so. Dudley then had the truck equipped with new wheels and solid tires, at a cost of $416.06. The damages sustained and the expenses incurred by him on account of the loss of use of the truck and labor on account of the defective tires amounted to $173.00. The rims, wheels and tires with which the corporation had equipped the truck were returned to it. Dudley failed to pay the $260.00.

This suit was instituted by Dudley against the Southern Sales Corporation to recover $589.06 damages for the breach of the guaranty. The following account was made a part of the notice:

SOUTHERN TIRE SALES CORPORATION
In account with
A. M. DUDLEY & Co.

1920

| | | | |
|---|---|---|---|
| June | 1. | To loss of time of truck and labor on account of defective tires | $ 173.00 |
| June | 25. | To one set of old truck wheels | 112.50 |
| Aug. | 11. | To one set of truck wheels and tires | 122.72 |
| Nov. | 9. | To one set of solid rear tires | 148.84 |
| Dec. | 20. | To O. D. Ford, bill for changing tires | 32.00 |
| | | Total | $ 589.06 |

January 1, 1921, To interest till paid.

The defendant demurred to the notice, plead the general issue and nonassumpsit, and filed his grounds of defense as follows:

1. Defendant was not given an opportunity to make good its warranty of the life of the tires.

2. Damages claimed by the plaintiff for the price of the wheels and the solid tires and expense for changing tires are not such damages as naturally arise from the breach of warranty.

3. The truck was given unusually rough usage and the tires were grossly neglected.

4. The item of $173.00 for loss of time and labor is too remote and speculative to be allowed.

5. The $260.00 due to defendant for the tires should be set off against any damages suffered by the plaintiff.

At the request of the plaintiff, the court gave the following instruction:

"The court instructs the jury that if they believe from the evidence that the tires in the notice mentioned were guaranteed to run on the truck in said notice mentioned for eighteen months and that they failed to do this, and if the jury further believe from the evidence that by reason of such failure the plaintiff, A. M. Dudley, had to lay out and expend the amounts mentioned in the notice and that such expenditures were reasonable, then the jury must find for the plaintiff the amounts so expended, as shown by the evidence, not to exceed the amount claimed in the notice, to be offset by the value of the tires Dudley got, if any."

The following instructions were granted on motion of the defendant:

1. "The court instructs the jury that the measure of damages for breach of warranty of quality in the sale of a chattel is the loss directly and naturally resulting in the ordinary course of events from such breach of warranty.

"Such loss, in the absence of special circumstances, showing proximate damage of a greater amount, is the

difference between the value of the goods at the time of delivery to the buyer and the value they would have had if they had answered to the warranty.

4. "The court instructs the jury that the defendant is entitled to recover from the plaintiff upon his counter claim the actual value of the tires with which the plaintiff's truck was equipped by the defendant, and if they shall believe from the evidence that said sum due the defendant was greater than the damage suffered by the plaintiff measured in accordance with these instructions, then they must find a verdict for the defendant and fix his recovery at the amount of said difference.

5. "The court instructs the jury that the burden of the proof is on the plaintiff, to establish by a preponderance of the evidence each item of his claim for damages, and unless they shall believe from the evidence that the plaintiff has sustained that burden they must find for the defendant."

The plaintiff in error assigns as error the action of the court in refusing to grant its instructions Nos. 2 and 3.

Instruction No. 2 told the jury the guaranty did not justify the plaintiff in altering the style of his truck wheels and purchasing solid tires at the expense of the defendant; and that they could not allow the items of the plaintiff's account covering those charges.

Instruction No. 3 informed the jury that unless the plaintiff gave the defendant the opportunity to make good his warranty of the tires, then the plaintiff's damages, if any, were limited to such sums as he may have expended in repairs to the tires furnished by the defendant; and loss of time in making said repairs.

[1] The evidence tends to show that the defects in the tires were not of minor importance, such as an un-

skilled person could correct, but proved to be of a serious nature, and the tires unsuited for the purpose for which they were purchased; and that the defendant failed to provide new tires to take the place of the defective ones. Under these circumstances the plaintiff had the right to return the tires to the defendant and buy other tires suited for the purpose for which they were desired, and collect his damages resulting from the breach of warranty.

[2, 3] While the general rule as to the measure of damages for breach of warranty of quality in the sale of a chattel is as stated in instruction No. 1, *supra*, given for the defendant, the facts just recited constitute *special circumstances*, showing proximate damages of a greater amount than the difference between the actual value of the tires when delivered and the value which the tires would have had, if they had been as warranted.

The case of *Ney v. Wrenn*, 117 Va. 85, 84 S. E. 1, was a suit by the seller of machinery to recover the purchase price. The buyer set up a claim for damages for breach of warranty, and proved that the machinery was worthless, while the warranty was that it would do satisfactory work, and if not that the seller would make it do it, and that the seller failed to make good his warranty. It was held that the seller could not, as a matter of law, limit the buyer's offset to the extent an expert witness said the cost would have been in making repairs necessary to put the machinery in satisfactory working condition. Judge Cardwell, speaking for the court, said that Instruction "O" given by the court correctly stated the law. He added that this instruction "told the jury that if the defects were serious, or the machinery unsuited to the purpose for which it was designed and purchased, or if the defects, though not in fact serious, were such as one not a skilled

mechanic could readily locate or remedy, * * * the defendants had the right to set the machine aside, buy other machinery and set up their damages by reason of plaintiff's breach of warranty."

[4] Besides, the instructions given correctly covered the law applicable to the case.

This assignment is without merit.

The assignment based upon the action of the court in overruling defendant's demurrer involves practically the same questions considered in disposing of the assignment touching the granting and refusing of the instructions and need not be discussed.

The assignments based upon the refusal of the court to allow the witness, Michael Schottland, to answer a certain question, and upon the refusal of the court to set aside the verdict of the jury, were likewise without merit. The evidence of Schottland, as certified, shows his answer to the question involved in the assignment.

[5] It is true, as contended, that the defendant had the right to set off against the plaintiff's claim the value of the use of the tires to him. *Eagle Glass Mfg. Co. Case, infra.* They were of no value to the plaintiff other than such use, as the testimony is that the tires were worthless when returned. But while the jury gave a verdict for the entire amount claimed by the plaintiff, it appears that the *rims,* tires and *wheels* were restored to the defendant corporation, and the jury doubtless felt that these would be a sufficient compensation for the service which Dudley actually got out of the tires.

The instructions granted fairly and fully informed the jury as to the law applicable to the case.

The case of *Eagle Glass & Mfg. Co.* v. *Second Hand Pipe and Supply Co.,* 74 W. Va. 228; 81 S. E. 976, relied on by the plaintiff in error, is not in conflict with the doctrine laid down in the *Ney Case, supra,* :

since it recognizes that there is an exception to the general rule as to the measure of damages, where there are *special circumstances* showing proximate damages of a greater amount than the general rule allows.

It plainly appearing from the record and the evidence that the parties have had a fair trial on the merits and that substantial justice has been done, under section 6331 of the Code we cannot reverse the judgment.

*Affirmed.*